In the Matter of the Accounting of NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor of LILIAN G. MC-CHESNEY, Deceased. In the Matter of the Construction of the Will of LILIAN G. MCCHESNEY, Deceased. WILLIAM F. HAHN, JR., as Executor of PETER M. CROUNSE, Deceased, Appellant; NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor of LILIAN G. MCCHESNEY, Deceased, et al., Respondents.

Argued April 15, 1954; decided May 27, 1954.

*John J. Scully* and *William F. Hahn, Jr.,* in person, for William F. Hahn, Jr., appellant.

*Max H. Zuckerman* and *Vernon Stuart* for Le Roy Crounse and others, respondents.

Order affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.

Concur: DESMOND, FULD, FROESSEL and VAN VOORHIS, JJ. DYE, J. dissents in the following memorandum in which LEWIS, Ch. J., and CONWAY, J., concur.

DYE, J. (dissenting). I dissent and vote to reverse. When the testatrix directed the residue of her estate to be distributed " in such proportions or ratio as my said husband distributed his residuary estate ", she intended an unequal division thereof in the ratio used by the husband. The husband had directed that the residue of his estate " be divided and distributed ratably to increase said legacies ". The words " proportions " and " ratio " in the setting used by the testatrix, when read with " ratably " as used by her husband, make such an intention crystal clear, particularly as the Surrogate's decree on judicial settlement of her husband's estate had given effect to a ratable division thereof and, in so providing, had met with her approval, notwithstanding that such decree diminished her distributive share in that estate.